

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,326

**WILLIAM BERKLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON
## A MOTION FILED IN CAUSE NO. 20000D5705-243-1
## IN THE 243RD JUDICIAL DISTRICT COURT
## EL PASO COUNTY

**PER CURIAM.**

### O P I N I O N

On March 26, 2010, appellant filed a *pro se* motion in the convicting court in which

he asked the court to dispense with the judgment and execution of judgment and order his

immediate release. Essentially, appellant asserted that his transfer to and confinement in the

Texas Department of Criminal Justice - Institutional Division prior to his execution subjects

him to multiple punishments in violation of the Double Jeopardy Clause. The State filed a

response to the motion, and, on April 8, 2010, after considering both appellant's motion and

the State's response, the trial court denied appellant's motion in its entirety. Appellant now purports to appeal the trial court's order on his motion.

As this Court recently explained in *Skinner v. State*, ___ S.W.3d ___, No. AP-76,296 (Tex. Crim. App. Mar. 4, 2010):

> The Legislature prescribes the jurisdiction of the appellate courts. Conferring a defendant's general right to appeal, article 44.02 provides in relevant part: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Our cases indicate that a "criminal action" no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted. For example, in holding that a trial court has no jurisdiction to order postconviction DNA testing when the statutory requirements were not met, we explained: "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source. Likewise, we have held that appellate jurisdiction to review a trial court's order relating to postconviction DNA testing is limited to the appellate jurisdiction conferred by the DNA testing statute.

(Citations omitted.)

Like the defendant in *Skinner*, appellant was convicted, and the direct appeal process from that conviction has been exhausted. Also like the defendant in *Skinner*, appellant's motion to dispense with judgment and the trial court's ruling thereon was basically a complaint regarding the trial court's order setting an execution date. No statute specifically authorizes an appeal from a trial court's order denying relief on this type of a motion. The appeal is dismissed. No motion for rehearing will be entertained.

Do Not Publish
Delivered: April 16, 2010